Lyon, S. J.,
delivered the opinion of the court.
This was an issue of devisavit vel non to determine the validity of a paper, purporting to be the last will of Charles Jones, deceased. The jury returned a verdict responding affirmatively to the issue, and the court refusing to grant a new trial, the defendant prosecuted this appeal in the nature *98 of a writ to this court, to reverse the judgment. Several causes of error are now assigned, and the case has been argued at much length, on the facts which the record exhibits. The conclusion to which we have arrived, will only render it necessary for us to notice, two of the questions which are raised by the bill of exceptions.
This supposed testament, bears date the 25th December, 1826, and is attested by three subscribing witnesses, Thomas Copass, William Basket, and Thomas Basket; of whom, the first was shown to be a citizen of the State of Kentucky, and the two last were satisfactorily proved to be dead. The paper was offered and admitted to probate in common form in the County Court of Sullivan, at the instance of the defendants in error, by their next friend, who were formerly slaves of the said Charles Jones, and to whom there is a bequest of freedom in it, and from thence removed by the plaintiff, in error, to the Circuit Court where the issue was made up. On the trial the plaintiff called sundry witnesses to prove the hand writing of Thomas Copass and William Basket. It appeared that the hand writing of the other subscribing witness was unknown and could not be proved after diligent inquiry. The defendant objected to the admission of evidence of the hand writing of Thomas Copass, for the reason that the deposition of this witness had been taken by the plaintiff and was then on file in the case. This fact, the plaintiff admitted. The Circuit Judge overruled the defendant’s objection and permitted the testimony to go to the jury. At a subsequent stage of the trial, the defendant himself, read the deposition of Thomas Co-pass, who deposed substantially that the signature of his name to the paper produced was not genuine, and that he knew nothing of its execution. It is now insisted that the admission of testimony as to the hand writing of this witness, was erroneous, and that the judgment ought therefore to be reversed.
*99 The act of 1789, ch. 23, sec. 1, requires, that a written will, with subscribing witnesses thereto, shall, if contested, be proved by all the living witnesses, if to be found. But it has been held by this Court, and the Supreme Court of North Carolina, in adjudicating upon this statute, that it is not to be construed literally, that incompetency of the attesting witness, or his absence from the State, so that his attendance cannot be compelled, will authorize the admission of proof of his hand writing. It was therefore not necessary for the plaintiff to have taken the deposition of this witness. But as it was taken and was then in the files of the Court, we are of opinion that the witness was found within the meaning of the act of 1789, and that his deposition ought to have been read before the paper produced as the will, was submitted to the jury. But we are also of opinion that the error of the Court in not requiring the deposition to be read in the first instance, was subsequently cured by the defendant’s reading it himself. Had the plaintiff introduced this testimony, it is well settled, that they would not thereby have been precluded from impeaching it, and of proving the signature of the witness in opposition to his own swearing. The evidence, then, as to his hand writing, which was admitted, would have been perfectly legitimate. After the deposition was read, either party could impeach it. It would have been a useless ceremony to have recalled and re-examined the same witnesses upon the points to which they had first deposed, because the usual order of its introduction had been violated.
As to the evidence upon which the jury might presume and find the execution of the will, the Judge instructed the jury as follows: “ It is further argued by the counsel for the defendant, that the hand writing of all the subscribing witnesses to the will, who are dead, must be proved, and as there is no evidence, whatever, as to the hand writing of Thomas *100 Basket, the plaintiff cannot recover in this case.” The Court then proceeds to say, that the act of 1831, ch. 10, has been principally relied on to sustain this argument and very properly instructs the jury, that this act having reference to deeds and other instruments requiring registration, has no application to the case under consideration. The Court again says : “ It is further argued by the counsel for the defendant, that the hand writing of William Basket, and also the signature of the testator, Charles Jones, is disproved. Should you believe from the evidence that the signature of William Basket is not his hand writing, it would be a circumstance strongly against the will, although the signature of Thomas Copass might be established; and should you believe the signature of Charles Jones to be a forgery, although the hand writing of the subscribing witnesses may be proved, you could not find the paper produced not to be the last will and testament of Charles Jones.”
This is all of the charge of the Judge to the jury upon the point in question.
We offer no comment upon the verbal inaccuracy in the last clause of this charge, in which by some mistake, clerical or otherwise, the Judge is made to speak precisely what he does not mean.
But this charge is erroneous on substantial grounds; first, in a case like this, where there was no proof of the hand writing of one of the attesting witnesses, and conflicting testimony as to the writing of the other two, and of the supposed testator, it was eminently proper and necessary that the Circuit Judge should have clearly and distinctly stated the quantum of evidence upon which the jury would be authorized to presume and find the due execution of the will. This is not done. From all that appears in the charge, the jury may have rested their verdict upon proof of the hand writing of one subscribing witness, or upon proof *101 by one witness of the hand writing of the testator.
2nd. We think it fairly deducible from the charge, that, his Honor the Circuit Judge, held the opinion and so conveyed it to the Jury, that, proof of the hand writing of one attesting witness, when secondary evidence is admissible, is alone sufficient to support a will. And this is erroneous.
This Court held in the case of Suggett vs. Kitchell, 6 Yer. 425, that, “ as a general rule, by the law of England, which we recognize as the law of this State, a will of personal estate is required to be proved by two witnesses.” This genera! rule admits of relaxation to this extent, that when one witness proves the execution of the will, facts and circumstances equivalent to the testimony of another witness is held sufficient. In a recent case, Moore vs. Steele, 10 Plum. 562, this ques-question again came before this Court, and after a review of the authorities the principle of the case of Suggett vs. Kitchell was reaffirmed. It is therefore to be regarded as the settled law of this State.
■ It is now, however, insisted, and some authorities have been adduced to support the proposition, that where there are subscribing witnesses to a will, and secondary evidence of its execution is admissible, proof of the hand writing of one witness is alone sufficient.
We do not assent to this proposition, and we think the weight of authority, and of reason, is against it.
The argument • to sustain it, necessarily proceeds on the supposition, that when evidence of the hand writing is rendered admissible, the general rule requiring a will to be proved by two witnesses is instantly overthrown, although it maybe in the power of the party to comply with that rule.
We do not perceive the reason or necessity of this relaxation of the rule of law. On the contrary we think it would be of dangerous tendency, and would not afford sufficient security to the heir or distributee against fraudulent wills.
*102 It is certainly well settled in the Courts of England, and in most of the States of this Union, that proof of the hand writing of one attesting witness, to a bond or deed is sufficient; 1 Greenleaf’s Ev. sec. 575, 1 Starkie, 380. And it is insisted that the same rule obtains in respect to wills. To sustain this position, the case of McKensie vs. Frasier, 9 Ves. sr. 5, has been cited. The report of this case is not satisfactory. There were three subscribing witnesses to the will, the hand writing of two of whom was proved and no account could be given of the third. The master of the rolls (Sir William Grant) decided that the will was well proved, and said that he could see no distinction between a will and a deed. It is to be remarked, however, in this case, that the will was thirty years old, and as it was ruled that a deed thirty years old required no proof of its execution, the remark of the master of the rolls may have been intended to put deeds and wills on the same footing in that respect. The analogy, however, is denied by the Supreme Court of New York, 5 Cowen 224, where it was said that “ proof of the hand writing of one witness, raises no presumption that either of the others subscribed his name. Cases arising on other instruments do not decide the case of a will.”
On an issue out of Chancery, in England, to establish a will, the rule is, that all the witnesses ought to be examined by the plaintiff; but on an issue at common law, one of the subscribing witnesses is sufficient, if he can testify to all the requisites of the statute. But if the witnesses are dead, or incompetent, their hand writing and that of the testator ought to be proved; Philips Ev. 496-501. So is the rule in New York; 19 John. Rep. 388. In South Carolina it was held, that proof of the hand writing of two of the subscribing witnesses was not sufficient to establish a will of lands, the statute requiring three, and that proof of the signature of two witnesses raised no presumption *103 that the other was not a forgery. Bays Reports 485,
In Pennsylvania, two witnesses are required by statute, to prove a will, whether, of realty or personalty; hut it is not requisite that they should be subscribing witnesses. In a case reported in 2 S. & R. 215 — 224, it appeared on the trial of an ejectment, there were three subscribing witnesses to the will, one of whom had proved it before the Register of wills, another was a devisee, and incompetent to testify, and the third was dead, and his hand writing could not be proved. The will was admitted as evidence upon the probate of one witness before the Register, and upon proof of the hand writing of the testator by another witness. It was objected that the hand writing of the witnesses ought to have been proved. But Tighlman, Oh. J. said: “ It is true, that in general the subscribing witnesses are first to be resorted to; if living, and within the jurisdiction of the Court, they should be produced: if dead, their hand writing should be proved; but under particular circumstances the general rule is dispensed with.” We are content with the authority and reasoning of this case. ' We hold therefore, that in all cases of contested wills, where there are subscribing witnesses, they must be produced, if to be found, within the meaning of the act of 1789. If not, evidence of their hand writing must next be resorted to. Where from the efHux of time or other circumstances, it is shown upon diligent enquiry, that the hand writing of one, or more subscribing witnesses cannot be proved, that proof of the signature of one witness, and that of the testator, and lastly upon failure of proof of the signatures of all the witnesses, proof of the hand writing of the testator by two witnesses, will authorize the paper to be submitted to the jury, upon which they may find the fact of execution. In all cases depending on secondary evidence, the signature of the testator, though not absolutely essential, ought to be super-added to that of the subscribing witnesses.
*104 The judgment must be reversed, and the case l’emanded for a new trial.